UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KELLY,<br><br>    Plaintiff,<br><br>    v.<br><br>BANNER HEALTH, et al.,<br><br>    Defendant. | No. 2:24-cv-00920-DJC-DMC<br><br>ORDER GRANTING MOTION TO BIFURCATE DISCOVERY |

Plaintiff Vincent Kelly, a Security Guard Manager employed by Defendants Banner Health and BH Corporate Office, filed this putative class action on February 16, 2024, alleging several California Labor Code violations on behalf of himself and similarly situated employees. (ECF No. 1.) On March 25, 2024, the Court entered its Initial Case Management Order, instructing the Parties to confer and prepare a joint status report that included a discovery plan. (ECF No. 3.) The Parties filed a Joint Status Report on May 21, 2024, in which Defendants proposed bifurcating discovery into two phases: a class certification phase and a merits phase. (ECF No. 13.)

In response to the Joint Status Report, the Court held an initial scheduling conference on June 13, 2024, and ordered the Parties to meet and confer and submit a revised status report specifically addressing the Parties' positions on whether to bifurcate discovery and corresponding deadlines based on the Parties' proposals.

1  (ECF No. 15.)  Defendants filed a Status Report on June 27, 2024, detailing their
2  unsuccessful efforts to meet and confer with Plaintiff and setting forth their position on
3  bifurcation.  (ECF No. 16.)  Defendants also filed a Motion to Bifurcate Discovery that
4  same day.  (ECF No. 17.)
5        On July 2, 2024, the Court ordered Plaintiff to show cause why they had failed
6  to meet and confer with Defendants as directed.  (ECF No. 18.)  Plaintiff responded to
7  the Court's order on July 8, 2024 (ECF No. 19), and filed a Status Report on July 9,
8  2024, stating they intended to oppose Defendants' Motion for Bifurcation.  (ECF No.
9  21 at 9.)  However, Plaintiff failed to timely oppose Defendants' Motion.  Accordingly,
10 on July 29, 2024, the Court ordered Plaintiff to file an opposition to Defendants'
11 Motion within seven days and warned that "Plaintiff's failure to comply with this order
12 may result in the granting of Defendants' motion without the issuance of an order to
13 show cause."  (ECF No. 22.)  The Motion remains unopposed.
14       "The decision to bifurcate discovery in putative class actions prior to
15 certification is committed to the discretion of the trial court."  *True Health Chiropractic*
16 *Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan.
17 20, 2015) (citation omitted).  In exercising this discretion, courts consider: "(1) the
18 overlap between individual and class discovery, (2) whether bifurcation will promote
19 Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an
20 early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to
21 flow from the grant or denial of a stay of class discovery."  *Id*. (citation omitted).
22       Here, Defendants argue bifurcation of discovery will promote efficiency and
23 fairness because it will prevent Defendants from having to engage in costly class-wide
24 merits-based discovery when Plaintiff's case may never get past the class-certification
25 stage, will expedite class certification, and will promote judicial economy.  (*See*
26 *generally* ECF No. 17.)  The Court agrees and will grant bifurcation of discovery for the
27 reasons set forth in Defendants' Motion.
28 ////

**CONCLUSION**

Defendant's Motion to Bifurcate Discovery (ECF No. 17) is GRANTED. The Court will issue a schedule for the case shortly based on the Parties' Status Reports (ECF Nos. 16, 21).

IT IS SO ORDERED.

Dated: __October 23, 2024__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Kelly24cv920.MotBifurcateDiscovery

3